# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONNIE R. MARTIN,

          Plaintiff,

    v.

OFFICER XIONG, OFFICER ALBA,
OFFICER BERES, DOE
DEFENDANTS, CITY OF
MILWAUKEE, CITY OF ST.
FRANCIS, ABC INSURANCE
COMPANY 1, and ABC INSURANCE
COMPANY 2,

          Defendants.

Case No. 24-CV-1664-JPS

**ORDER**

This case has been pending since late December 2024. ECF No. 1. Plaintiff Ronnie R. Martin ("Plaintiff") last affirmatively communicated with the Court in early October 2025 to update his mailing address. ECF No. 17. Defendants subsequently tried to contact Plaintiff at three different email addresses and received no response; they also tried to contact him at his updated mailing address, and that mail was returned. ECF No. 33 at 1. The Court entered a scheduling order and mailed it to Plaintiff at his address of record, which was also returned as undeliverable. ECF Nos. 35, 35-1.

Additionally, in January through March 2026, Defendants Officer Alba, Officer Xiong, and the City of Milwaukee (the "Milwaukee Defendants") attempted unsuccessfully to serve discovery requests on Plaintiff at his address of record. ECF No. 39. The Milwaukee Defendants accordingly now move to dismiss Plaintiff's case for failure to prosecute.

ECF Nos. 37, 38. Plaintiff has not filed any timely response to the motion. The remaining named Defendants, Officer Beres and the City of St. Francis, have not opposed the motion.

Plaintiff was warned previously that failure to provide an updated mailing address could result in dismissal of the case without prejudice. ECF No. 12 at 19. Even if the Court had not provided such a warning, it could still dismiss his case. *See generally Fischer v. Cingular Wireless, LLC*, 446 F.3d 663 (7th Cir. 2006) (affirming dismissal for failure to prosecute without explicit notice by district court to plaintiff). A court may also dismiss a case as a sanction against a plaintiff who has not cooperated in discovery. *Nelson v. Schultz*, 878 F.3d 236, 239 (7th Cir. 2017) (citing FED. R. CIV. P. 37(b) and 41(b)).

Pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41(c), the Milwaukee Defendants' motion will be granted, and this case will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Defendants Officer Alba, Officer Xiong, and the City of Milwaukee's motion to dismiss, ECF No. 37, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.